[658 NYS2d 666]

In the Matter of PAUL P. PACCHIANA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 16, 1997

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Faith Lorenzo* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

The petition contains two charges of professional misconduct

against the respondent. After a hearing, the Special Referee sustained Charge One and partially sustained Charge Two. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent joins in the Grievance Committee's motion and argues that the sanction should be limited to a public censure.

Charge One alleged that the respondent was convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b).

Charge Two alleged, *inter alia,* that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Prior to the hearing, the parties stipulated to the following facts:

1. On July 19, 1995, the respondent pleaded guilty before the Honorable Mark D. Fox, United States District Court, Southern District of New York, to one count of violating 26 USC § 7203, "Willful failure to file return, supply information, or pay tax", a misdemeanor.

2. On July 19, 1995, during the respondent's plea allocution, he admitted that during 1990 and 1991, he received an expense income of approximately $19,000 from Breyer Contracting over a two-year period which was not reported on his tax return. The respondent further admitted that he was aware that the income had been disguised as false business expenses and reimbursements and that he was obligated to declare the funds as income.

3. Prior to sentencing, the respondent successfully completed 50 hours of community service.

4. The respondent paid approximately $5,342 in back taxes, plus $5,000 for penalties and interest.

5. A judgment of conviction, dated December 22, 1995, was filed on December 29, 1995, in the United States District Court for the Southern District of New York, convicting the respondent of the above-stated offense.

In view of the evidence adduced at the hearing and the parties' stipulation, the Special Referee properly sustained Charge One and so much of Charge Two as alleged that the respondent's conduct adversely reflected on his fitness to practice law.

In determining the appropriate measure of discipline to impose, we have considered the mitigation evidence proffered

by the respondent, including his previously unblemished record, that his misconduct was unrelated to the practice of law, that no clients were adversely affected by his misconduct, the extenuating circumstances noted by the Special Referee, his cooperation with the United States Attorney and the Special Referee, and his expressed remorse. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and PIZZUTO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Paul P. Pacchiana, is censured for his professional misconduct.